David R. Markham (SBN 71814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Michael Morphew (SBN 304463)
*mmorphew@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: 619.399.3995 / Fax: 619.615.2067

Walter Haines (SBN 071075)
*walterhaines@yahoo.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242 / Fax: 562.256.1006

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY LIANG, an individual on behalf of herself and on behalf of all persons similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation, and DOES 1 to 10,<br><br>Defendant. | Case No.:<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR:**<br><br>**(1) Violation of 15 U.S.C. § 1681b(b)(2)(A) (Fair Credit Reporting Act);**<br><br>**(2) Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);**<br><br>**(3) Violation of California Civil Code § l786 *et seq.* (Investigative Consumer Reporting Agencies Act)**<br><br>**(4) Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)**<br><br>**(5) Violation of California Business & Professions Code Section 17200 *et seq.* (Unfair Competition Law)**<br><br>**<u>JURY TRIAL DEMAND</u>** |

CLASS ACTION COMPLAINT

Plaintiff SHIRLEY LIANG, an individual ("Plaintiff"), by and through her attorneys of record, brings this action on behalf of herself and all other persons that applied for employment, or currently or formerly employed by DIGNITY HEALTH, ("Defendant" or "Dignity Health"), and DOES 1 through 10, inclusive, and alleges the following upon information and belief:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C.A. section 1681p, stating claims under the FCRA may be brought in United States District Courts, regardless of the amount in controversy. (*Id.*) This case meets the FCRA requirements because Plaintiff alleges on information and belief there was a violation of (1) section 1681b(b)(2)(A), (2) section 1681d(a)(1), and (3) section 1681g(c) of the FCRA. As such, this Court has original jurisdiction pursuant to 15 U.S.C.A. section 1681p. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper because upon information and belief, Defendant conducts substantial business within the Northern District of California, this county, and maintains facility and corporate offices in California in this county.

## PARTIES

3. Plaintiff Shirley Liang is a resident of California, and is currently employed by Dignity Health as a Senior Financial Analyst, and began her employment in January 2018 at Defendant's facility located at 1401 South Grand Avenue, Los Angeles, California, 90015.

4. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant Dignity Health, and DOES 1 through 10, were and are, corporations licensed to do business and actually doing business in the State of California. Defendant owns and operates hospitals in numerous separate geographic locations within California, including, but not limited to, the County of

CLASS ACTION COMPLAINT

San Francisco, for purposes of providing medical care and services. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendant DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 10, inclusive, when they are ascertained.

5.    At all times herein mentioned, each of the defendants participated in the doing of the acts alleged in this complaint to have been done by the named defendants; and furthermore, the defendants, and each of them, were the agents, servants and employees of each and every one of the other defendants, as well as the agents of all defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

6.    At all times mentioned herein, the defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of said agency and employment.

7.    At all times herein mentioned, the acts and omissions of various defendants, and each of them, concurrently contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the wrongful conduct, harm, and damages alleged herein.

8.    At all times herein mentioned, defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omission complained of herein. At all times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other defendants thereby proximately causing the damages as herein alleged.

## THE CONDUCT

9.    Plaintiff Shirley Liang applied for, and was hired by Defendant to work at a facility in Los Angeles, California. As part of her application process, Plaintiff was provided several documents, including disclosures related to background

investigations, as well as other notices. Some of the documents were multi–page documents, and others were stand–alone documents. Plaintiff alleges Defendants provide the same, or substantially similar, documents to other applicants and employees.

10.  Plaintiff also alleges Defendant routinely obtain credit and background reports on applicants, including Plaintiff, as part of the hiring process.

11.  Prior to obtaining credit and background reports, employers must comply with specific federal and state requirements. Plaintiff alleges Defendant did not meet its statutory requirements, and consequently and as a direct result of this failure, Plaintiff and other class members were not provided proper disclosure, and have been injured by the violation of their privacy and statutory rights.

## CLASS ALLEGATIONS

12.  This action is brought, and may properly be maintained, as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure, which provides in pertinent part that class actions may be brought  "if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." (*Id.*) Plaintiff meets these requirements, as discussed below.

13.  Plaintiff brings this class action on behalf of all persons similarly affected by Defendant's violations of the Fair Credit Reporting Act sections 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c); California Civil Code sections 1786 *et seq*. and 1985 *et seq.*; and California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 *et seq*. The putative classes Plaintiff will seek to certify are currently composed of, and defined as:

    a.  All current, former, and prospective employees of Defendant who applied for a job with Defendant in California during the time period

commencing five years before the filing of this Complaint and to the present ("FCRA Class");

b. All current, former, and prospective employees of Defendant who applied for a job with Defendant in California during the time period commencing five years before the filing of this Complaint and to the present ("ICRAA Class");

c. All current, former, and prospective employees of Defendant who applied for a job with Defendant in California during the time period commencing seven years before the filing of this Complaint and to the present ("CCRAA Class").

14. The above–referenced classes shall be collectively known as the Plaintiff Class.

15. Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

16. **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, there are approximately 1,500 current, former, and/or prospective employees of Defendant in California during the Class period not subject to an arbitration agreement with Defendant. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the application and personnel records, and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

17. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any

questions affecting only individual Class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

    a.  Whether Defendant willfully failed to comply with the FCRA;

    b.  Whether Defendant willfully failed to provide a written document consisting of solely statutory mandated disclosures;

    c.  Whether Defendant failed to identify the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

    d.  Whether Defendant willfully failed to comply with the ICRAA;

    e.  Whether Defendant willfully failed to comply with the CCRA;

    f.  Whether Defendant willfully failed to get consent to conduct a background investigation;

    g.  Whether Defendant's conduct as described constitutes a voilation of California Business and Professions Code § 17200 *et seq.*;

    h.  Whether Defendant is liable for attorneys' fees and costs.

18.  These and other common questions predominate over any questions affecting only individual class members.

19.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the class she seeks to represent because Plaintiff, as an prospective and current employee of Defendant, was exposed and subjected to the same unlawful business practices and conduct as other prospective, current, and former employees of Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct giving rise to the claims of the members of the

1 class, and are based on the same legal theories. Plaintiff and the members of the

2 class she seeks to represent sustained the same types of damages and losses.

3     20. **Adequacy:** Plaintiff is adequate representative of the class she seeks to

4 represent because her interests do not conflict with the interests of the members of

5 the class Plaintiff seeks to represent. There is a well–defined community of interest

6 in the questions of law and fact affecting the class of persons that Plaintiff

7 represents as a whole. Plaintiff retained counsel competent and experienced in

8 complex class action litigation, and Plaintiff intends to prosecute this action

9 vigorously. Neither Plaintiff nor her attorneys have any interests contrary to or in

10 conflict with the Class. The interests of the members of the class will be fairly and

11 adequately protected by Plaintiff and her counsel.

12     21. Plaintiff does not anticipate any difficulty managing this litigation.

13     22. **Superiority and Substantial Benefit:** The class action is superior to other

14 available means for fair and efficient adjudication of Plaintiff's and the Class

15 members' claims. Individual employees, such as Plaintiff, have a difficult time

16 prosecuting an individual action against large corporate employers such as

17 Defendant. The damages suffered by each individual Class member may be

18 limited. Damages of such magnitude are small given the burden and expense of

19 individual prosecution of the complex and extensive litigation necessitated by

20 Defendant's conduct. Further, it would be virtually impossible for the Class

21 members to redress the wrongs done to them on an individual basis. Even if

22 members of the Class themselves could afford such individual litigation, the court

23 system could not. Individualized litigation increases the delay and expense to all

24 parties and the court system due to the complex legal and factual issues of the case.

25 By contrast, the class action device presents far fewer management difficulties and

26 provides the benefits of single adjudication, economy of scale, and comprehensive

27 supervision by a single court.

28     23. The Class should also be certified because:

CLASS ACTION COMPLAINT

a.  The prosecution of separate actions by individual members of the
    Class would create a risk of inconsistent or varying adjudications with
    respect to individual Class members, which would establish
    incompatible standards of conduct for Defendants;

b.  The prosecution of separate actions by individual members of the
    Class would create a risk of adjudication with respect to them, which
    would, as a practical matter, be dispositive of the interests of the other
    Class members not parties to the adjudications, or substantially impair
    or impede their ability to protect their interests; and

c.  Defendants acted or refused to act on grounds generally applicable to
    the Class, and/or the general public, thereby making appropriate final
    and injunctive relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

**Violation of 15 U.S.C. §§ 1681b(b)(2)(A)**
**(Fair Credit Reporting Act)**
**(By Plaintiff and FCRA Class and Against All Defendants)**

24.  Plaintiff incorporates the preceding paragraphs as though set forth here in
full.

25.  Plaintiff and class members are "individuals," and thus within the FCRA
Section 1681a(c) meaning of "consumers."

26.  Defendants are "persons," as defined by FCRA Section 1681a(b).

27.  The FCRA defines "consumer report" under Section 1681a(d)(1) as:
     any oral, or other communication of any information by a
     consumer reporting agency bearing on a consumer's credit
     worthiness, credit standing, credit capacity, character,
     general reputation, personal characteristics, or mode of
     living which is used or expected to be used or collected in
     whole or in part for the purpose of serving as a factor in
     establishing the consumer's eligibility for— . . .
     employment purposes; . . . .

(*Id.*) Therefore, a credit and background report qualifies as a consumer report.

28. An "investigative consumer report" is defined by FCRA Section 1681a(e) as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

(*Id*.) Therefore, a credit and background report qualifies as an investigative consumer report.

29. For employment circumstances, a consumer report may not be procured unless:

> (i) **a clear and conspicuous disclosure** has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document **that consists solely of the disclosure**, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(FCRA Section 1681b(b), emphasis added.)

30. When Plaintiff applied for employment with Defendant, Plaintiff was provided a four–page disclosure document of that also contained an electronic signature page. (**Attachment A**.) The first page contains information regarding FCRA disclosures, and also contains notices and information unrelated to the FCRA—and as such the document does not meet the requirements for clear and conspicuous disclosures in a stand–alone document.

31. On information and belief, Plaintiff alleges Defendant procured, or caused to be prepared, credit and background reports as part of the evaluation of her and class members for employment; and that this part of a policy and practice of obtaining investigative consumer reports, or causing the investigative consumer

reports to be procured, for applicants and employees without proper disclosure pursuant to the FCRA.

32.  The FCRA makes clear it is unlawful to procure, or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document consisting solely of the disclosure, and the consumer authorized the procurement of the report in writing. (15 U.S.C.; § 168lb(b)(2)(A)(i)-(ii).) Including information unrelated to the FCRA disclosure violates FCRA Section 168lb(b)(2)(A).

33.  Defendant willfully acted in a deliberate or reckless disregard of the obligations imposed by the FCRA, and the rights of applicants and employees—including Plaintiff and the FCRA class. Such willful conduct is demonstrated, in part, by:

   a.  The plain language of the statute makes clear that extraneous information in the disclosure form violates the authorization and disclosure requirements.

   b.   Defendant's inclusion of a potentially defective authorization form shows Defendant's were aware of governing laws, and their willful failure to meet the legal requirements

   c.  Large corporations, such as Defendant, have access to legal advice.

34.  Defendant willfully, and continue to violate the FCRA, including sections 1681b(b)(2)(A) and 1681d(a).

35.  Plaintiff and the class have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the FCRA.

36.  Plaintiff, on behalf of herself and the class, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

CLASS ACTION COMPLAINT

37.  In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c)
### (Fair Credit Reporting Act)
### (By Plaintiff Class Against All Defendants)

38.  Plaintiff incorporates the preceding paragraphs as though set forth here in full.

39.  Section 1681d(a)(1) provides a investigative consumer report on a consumer may not be procured or prepared, unless the following disclosures are made:

> (1) it is **clearly and accurately disclosed** to the consumer that an investigative consumer report **including** information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made **in a writing** mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his **right to request the additional disclosures** provided for under subsection (b) of this section and the written **summary of the rights** of the consumer prepared pursuant to section 1681g(c) of this title; and

> (2) the person certifies or has certified to the consumer reporting agency that—

>> (A) the person has made the disclosures to the consumer required by paragraph (1); and

>> (B) the person will comply with subsection (b).

(15 U.S.C. § 1681d, emphasis added.)

40.  Defendant failed to comply with Section 1681d.

41.  Additionally, Section 1681g(c) contains a summary of rights for obtaining credit scores and disputing information contained within consumer reports. The content of the summary includes:

> (i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;
>
> (ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;
>
> (iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;
>
> (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;
>
> (v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and
>
> (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

(15 U.S.C. § 1681g.)

42.  The Defendant did not comply with Section 1681g(c) by failing to include the summary in the disclosure.

43.  Plaintiff and the class have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit and background reports in violation of the FCRA.

44.  Plaintiff, on behalf of herself and the class, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

45. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**Violation of California Civil Code § 1786 *et seq*.**
**(Investigative Consumer Reporting Agencies Act)**
**(By Plaintiff Class and against All Defendants)**

46. Plaintiff incorporates the preceding paragraphs as though set forth here in full.

47. Plaintiff and class members are "individuals," and thus within the Investigative Consumer Reporting Agencies Act ("ICRAA") Section 1786.2(b) meaning of "consumers."

48. Defendants are "persons," as defined by ICRAA Section 1786.2(a).

49. The ICRAA defines "investigative consumer report" under Section 1786.2(c) as:

> a consumer report in which information on a consumer's character, general reputation, person characteristics, or mode of living is obtained through any means.

(*Id.*) Therefore, a background check qualifies as an investigative consumer report.

50. ICRAA Section 1786.16(a)(2) states an investigative consumer report sought for the purposes of employment may be obtained only when the disclosure is made in written "document that consists solely of the disclosure," and "[t]he consumer has authorized in writing the procurement of the report."

51. When Plaintiff applied for employment with Defendant, Plaintiff was provided several pages of disclosures, including a one–page "California Disclosure" document. (**Attachment B**.) The document's footer states:

California Disclosure & Summary of Rights
Page **1** of **1**

13

1  (Emphasis in original.) The page number in the footer makes clear this is a stand–
2  alone document.

3      52.  On information and belief, Plaintiff alleges Defendants procured, or caused
4  to be prepared, background checks as part of the evaluation of her and class
5  members for employment; as defined by Section 1786.2(c).

6      53.  The stand–alone document does not contain a means to authorize the
7  procurement of the report, thus Defendant violated the plain language of ICRAA
8  Section 1786.16(a)(2).

9      54.  Even if Defendant claims the authorization contained in Attachment A
10  applies, that authorization would violate the plain language of ICRAA Section
11  1786.16(a)(2) because that document contains extraneous information regarding
12  other releases and disclosures.

13      55.  Defendant willfully acted in a deliberate or reckless disregard of the
14  obligations imposed by the ICRAA and the rights of applicants and employees—
15  including Plaintiff and the ICRAA class. Such willful conduct is demonstrated, in
16  part, by:

17          a.  The plain language of the statute makes clear what information is to
18            be included the disclosure and disclosure requirements.

19          b.  Defendant's inclusion of name and address of the reporting agency on
20            the disclosure form shows Defendant's were aware of governing laws,
21            and their willful failure to meet the legal requirements

22          c.  Large corporations, such as Defendant, have access to legal advice.

23      56.  Defendant willfully, and continue to violate the ICRAA, including section
24  1786.16(a)(2).

25      57.  Plaintiff and the class have been injured by the violation of their privacy
26  and statutory rights as a result of Defendant's procurement of credit reports in
27  violation of the ICRAA.

28

58.  Plaintiff, on behalf of herself and the class, seeks all available remedies pursuant to Civil Code Section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

59.  In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges the violations were negligent and seeks the appropriate remedy, if any, under Civil Code Section 1786.50(a), including actual damages, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
**Violation of California Civil Code § 1785 *et seq*.**
**(Consumer Credit Reporting Agencies Act)**
**(By Plaintiff Class and against All Defendants)**

60.  Plaintiff incorporates the preceding paragraphs as though set forth here in full.

61.  Plaintiff and class members are "natural individuals," and thus within the Consumer Credit Reporting Agencies Act ("CCRAA") Section 1785.3(b) meaning of "consumers."

62.  Defendants are "persons," as defined by CCRAA Section 1785.3(j).

63.  The CCRAA defines "consumer credit report" under Section 1785.3(c) as:
> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: . . . (2) employment purposes . . . .

(*Id*.) Therefore, a credit report qualifies as a consumer credit report.

64.  Additionally, CCRAA Section 1785.20.5(a) states:
> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and **shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.**

CLASS ACTION COMPLAINT

The notice shall also inform the person of the source of the report, **and shall contain a box that the person may check off to receive a copy of the credit report.**

(*Id.*, emphasis added.)

65.  When Plaintiff applied for employment with Defendant, Plaintiff was provided several pages of disclosures, including a one–page "California Disclosure" document. (**Attachment B**.) The document's footer states:

California Disclosure & Summary of Rights
Page **1** of **1**

(Emphasis in original.) The page number in the footer makes clear this is a stand–alone document.

66.  On information and belief, Plaintiff alleges Defendant procured, or caused to be prepared, consumer credit reports as part of the evaluation of her and class members for employment; as defined by Section 1785.3(c).

67.  The single–page disclosure fails to disclose the specific basis for the use of the report under Labor Code Section 1024.5(a). This omission violates CCRAA Section 1785.20.5(a), as cited previously.

68.  The single–page disclosure also fails to contain a box for a person to check in order to receive a copy of the credit report. This omission violates CCRAA Section 1785.20.5(a), as cited previously.

69.  Defendants willfully acted in a deliberate or reckless disregard of the obligations imposed by the CCRAA and the rights of applicants and employees— including Plaintiff and the CCRAA class. Such willful conduct is demonstrated, in part, by:

a.  The plain language of the statute makes clear what information is to be included the disclosure and disclosure requirements.

b.  Defendant's inclusion of name and address of the reporting agency on the disclosure form shows Defendant's were aware of governing laws, and their willful failure to meet the legal requirements

16

c.  Large corporations, such as Defendant, have access to legal advice.

70.  Defendant willfully, and continue to violate the CCRAA, including section 1785.20.5(a), and Labor Code Section 1024.5(a).

71.  Plaintiff and the class have been injured by the violation of their privacy and statutory rights as a result of Defendant's procurement of credit reports in violation of the CCRAA.

72.  Plaintiff, on behalf of herself and the class, seeks all available remedies pursuant to Civil Code Section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

73.  In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges the violations were negligent and seeks the appropriate remedy, if any, under Civil Code Section 1785.31(a)(1), including actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
**Violation of California Business & Professions Code Section 17200 *et seq*.**
**(Unfair Competition Law)**
**(By Plaintiff, and ICRAA and CCRAA Classes, and Against All Defendants)**

74.  Plaintiff incorporates the preceding paragraphs as though set forth here in full.

75.  California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200 *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

//

//

CLASS ACTION COMPLAINT

76.  As described above, Defendant has violated the "unlawful" prong of the UCL in that Defendant's conduct violated numerous provisions of the FCRA, ICRAA, and CCRAA.

77.  Defendant violated the "unfair" prong of the UCL in that it gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking the necessary steps to adhere to the FCRA, ICRAA, and CCRAA. Further, any utility for Defendant's conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members because the conduct offends public policy.

78.  As a result of Defendant's alleged conduct, and its willful violations of California Business & Professions Code Section 17203, Plaintiff and the classes and subclasses have lost money and suffered harm as described above.

79.  Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order enjoining Defendant from continuing to engage in the unfair and unlawful conduct described herein.

80.  Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of herself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

## **REQUEST AND PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF** prays for judgment against each Defendant, jointly and severally, as follows:

A.    An order certifying this action as a class action;

B.    A declaration Defendant's practices violate the FCRA, ICRAA, CCRAA, and UCL;

CLASS ACTION COMPLAINT

C.   For general damages, according to proof;

D.   Civil penalties;

E.   Punitive damages;

F.   For an award of interest, including prejudgment interest at the legal rate;

G.   For statutory damages, including reasonable attorneys' fees and costs;

H.   For such other and further relief as the Court may deem equitable and appropriate.

Respectfully submitted,

Dated: June 21, 2019            THE MARKHAM LAW FIRM

Attorney for Plaintiff
E-mail: *mmorphew@markham-law.com*

UNITED EMPLOYEES LAW GROUP
Walter Haines

## JURY DEMAND

Plaintiff and the Plaintiff Class hereby demand trial by jury on all issues triable of right by jury.

Respectfully submitted,

Dated: June 21, 2019            THE MARKHAM LAW FIRM

Attorney for Plaintiff
E-mail: *mmorphew@markham-law.com*

UNITED EMPLOYEES LAW GROUP
Walter Haines

CLASS ACTION COMPLAINT

ATTACHMENT A

# OTHER DISCLOSURES, ACKNOWLEDGMENTS & AUTHORIZATIONS REGARDING BACKGROUND INVESTIGATION FOR EMPLOYMENT PURPOSES

## Disclosures

*Investigative Consumer Report:*

Dignity Health (the "Company") may request an investigative consumer report about you from HireRight, LLC (" HireRight"), a consumer reporting agency, in connection with your employment, or application for employment, or engagement for services (including independent contractor or volunteer assignments, as applicable). An " investigative consumer report" is a background report that includes information from personal interviews (except in California, where that term includes background reports with or without information obtained from personal interviews), the most common form of which is checking personal or professional references through personal interviews with sources such as your former employers and associates, and other information sources. The investigative consumer report may contain information concerning your character, general reputation, personal characteristics, mode of living, or credit standing. You may request more information about the nature and scope of an investigative consumer report, if any, by contacting the Company.

*Ongoing Authorization:*

If the Company hires you or contracts for your services, the Company may obtain additional consumer reports and investigative consumer reports about you without asking for your authorization again, throughout your employment or your contract period, as allowed by law.

*Additional State Law Notices:*

Please see the "Additional State Law Notices" for California, Massachusetts, Minnesota, New Jersey, New York, and Washington that are provided below, as applicable. A California disclosure and summary of your rights under California Civil Code Section 1786.22, and a copy of New York Article 23-A, are being provided to you separately.

*Summary of Rights under the Fair Credit Reporting Act:*

A summary of your rights under the Fair Credit Reporting Act is being provided to you separately.

*San Francisco Fair Chance Ordinance Official Notice:*

A copy of the San Francisco Fair Chance Ordinance Official Notice is being provided to you separately.

*HireRight Privacy Policy:*

Information about HireRight s privacy practices is available at [www.hireright.com/Privacy-Policy.aspx](www.hireright.com/Privacy-Policy.aspx).

## Acknowledgments & Authorization

I acknowledge that I have received and carefully read and understand the separate "Disclosure and Authorization Regarding Background Investigation for Employment Purposes"; and the separate "Summary of Rights under the Fair Credit Reporting Act" that have been provided to me by the Company. I also acknowledge receipt of and that I have carefully read and understand (as applicable), the separate California Disclosure and Summary of Rights under California Civil Code Section 1786.22; the separate New York Article 23-A; and the separate San Francisco Fair Chance Ordinance Official Notice that have been provided to me.

By my signature below, I authorize the preparation of background reports about me, including background reports that are "investigative consumer reports" by HireRight, and to the furnishing of such background reports to the Company and its designated representatives and agents, for the purpose of assisting the Company in making a determination as to my eligibility for employment or engagement for services (including independent contractor or volunteer assignments, as applicable), promotion, retention or for other lawful employment purposes. I understand that if the Company hires me or contracts for my services, my consent will apply, and the Company may, as allowed by law, obtain from HireRight (or from a consumer reporting agency other than HireRight) additional background reports pertaining to me, without asking for my authorization again, throughout my employment or contract period.

I understand that if the Company obtains a credit report about me, then it will only do so where such information is substantially related to the duties and responsibilities of the position in which I am engaged or for which I am being evaluated.

I understand that information contained in my employment (or contractor or volunteer) application, or otherwise disclosed by me before or during my employment (or contract or volunteer assignment), if any, may be used for the purpose of obtaining and evaluating background reports on me. I also understand that nothing herein shall be construed as an offer of employment or contract for services.

I understand that the information included in the background reports may be obtained from private and public record sources, including without limitation and as appropriate: government agencies and courthouses; educational institutions; and employers. Accordingly, I hereby authorize all of the following, to disclose information about me to the consumer reporting agency and its agents: law enforcement and all other federal, state and local government agencies and courts; educational institutions (public or private); testing agencies; information service bureaus; credit bureaus and other consumer reporting agencies; other public and private record/data repositories; motor vehicle records agencies; my employers; the military; and all other individuals and sources with any information about or concerning me. The information that can be disclosed to the consumer reporting agency and its agents includes, but is not limited to, information concerning my: employment and earnings history; education, credit, motor vehicle and accident history; drug/alcohol testing results and history; criminal history; litigation history; military service; professional licenses, credentials and certifications; social security number verification; address and alias history; and other information.

By my signature below, I also promise that the personal information I provide with this form or otherwise in connection with my background investigation is true, accurate and complete, and I understand that dishonesty or material omission may disqualify me from consideration for employment. I agree that a copy of this document in faxed, photocopied or electronic (including electronically signed) form will be valid like the signed original. I further acknowledge that I have received additional state law notices that I have reviewed and read.

## Additional State Law Notices

Please also note the following:

**CALIFORNIA:** Pursuant to section 1786.22 of the California Civil Code, you may view the file maintained on you by the consumer reporting agency during normal business hours. You may also obtain a copy of this file, upon submitting proper identification and paying the actual copying costs, by appearing at the consumer reporting agency s offices in person, during normal business hours and on reasonable notice, or by certified mail. You may also receive a summary of the file by telephone, upon submitting proper identification and written request. The consumer reporting agency has trained personnel available to explain your file to you, including any coded information, and will provide a written explanation of any coded information contained in

your file. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification. "Proper identification" includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. If you cannot identify yourself with such information, the consumer reporting agency may require additional information concerning your employment and personal or family history to verify your identity.

HireRight, LLC ("HireRight") will prepare the background report for the Company. HireRight is located and can be contacted at 3349 Michelson Drive, Suite 150, Irvine, CA 92612, (800) 400-2761. Information about HireRight's privacy practices is available at www.hireright.com/Privacy-Policy.aspx.

Additional California-specific information is set out below.

---

**MASSACHUSETTS:** Upon request to the Company, you have the right to know whether the Company requested an investigative consumer report about you and, upon written request to the Company, you have the right to receive a copy of any such report. You also have the right to ask the consumer reporting agency (e.g., HireRight) for a copy of any such report.

---

**MINNESOTA:** You have the right in most circumstances to submit a written request to the consumer reporting agency (e.g., HireRight) for a complete and accurate disclosure of the nature and scope of any consumer report the Company ordered about you. The consumer reporting agency must provide you with this disclosure within 5 days after (i) its receipt of your request or (ii) the date the report was requested by the Company, whichever date is later.

---

**NEW JERSEY:** You have the right to submit a request to the consumer reporting agency (e.g., HireRight) for a copy of any investigative consumer report the Company requested about you.

---

**NEW YORK:** You have the right, upon written request to the Company, to be informed of whether or not the Company requested a consumer report or an investigative consumer report about you. Shown above is the address and telephone number for HireRight, the consumer reporting agency used by the Company. You may inspect and receive a copy of any such report by contacting that consumer reporting agency. A copy of Article 23-A of the New York Correction Law is also provided below.

---

**WASHINGTON STATE:** If the Company requests an investigative consumer report, you have the right, upon written request made to the Company within a reasonable period of time after your receipt of this disclosure, to receive from the Company a complete and accurate disclosure of the nature and scope of the investigation requested by the Company. You are entitled to this disclosure within 5 days after the date your request is received or the Company ordered the report, whichever is later. You also have the right to request a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

☑ Please check this box if you would like to receive a free copy of your background report.

Candidate Last Name ___Liang___    First    ___SHIRLEY___    Middle    ___Yuxue___

Candidate Signature        Date    01/11/2018

---

**Electronic Signature**

**Email:** ████████████

**SSN:** *** ** ██

**IP Address:** ████████

**Dated:** 01 11, 2018: 22:52 Pacific Standard Time

ATTACHMENT B

**(CALIFORNIA APPLICANTS ONLY)**

**CALIFORNIA DISCLOSURE**

The Company may order an investigative consumer report on you in connection with your employment application, and if you are hired, or if you already work for the Company, the Company may order additional such reports on you for employment purposes. Such reports may contain information about your character, general reputation, personal characteristics, and mode of living. The types of background information that may be obtained include, but are not limited to: criminal history; litigation history; motor vehicle record and accident history; social security number verification; address and alias history; credit history; verification of your education, employment and earnings history; professional licensing, credential and certification checks; drug/alcohol testing results and history; military service; and other information.

The investigative consumer reporting agency, HireRight, LLC ("HireRight"), will prepare the background report for the Company. HireRight is located and can be contacted at 3349 Michelson Drive, Suite 150, Irvine, CA 92612, (800) 400-2761, www.hireright.com. Information about HireRight's privacy practices is available at www.hireright.com/Privacy-Policy.aspx.

**A SUMMARY OF YOUR RIGHTS UNDER CALIFORNIA CIVIL CODE SECTION 1786.22**

**(a)** An investigative consumer reporting agency shall supply files and information required under Section 1786.10 during normal business hours and on reasonable notice.

**(b)** Files maintained on a consumer shall be made available for the consumer's visual inspection, as follows:

> **(1)** In person, if he appears in person and furnishes proper identification. A copy of his file shall also be available to the consumer for a fee not to exceed the actual costs of duplication services provided.

> **(2)** By certified mail, if he makes a written request, with proper identification, for copies to be sent to a specified addressee. Investigative consumer reporting agencies complying with requests for certified mailings under this section shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the investigative consumer reporting agencies.

> **(3)** A summary of all information contained in files on a consumer and required to be provided by Section 1786.10 shall be provided by telephone, if the consumer has made a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to the consumer.

**(c)** The term "proper identification" as used in subdivision (b) shall mean that information generally deemed sufficient to identify a person. Such information includes documents such as a valid driver's license, social security account number, military identification card, and credit cards. Only if the consumer is unable to reasonably identify himself with the information described above, may an investigative consumer reporting agency require additional information concerning the consumer's employment and personal or family history in order to verify his identity.

**(d)** The investigative consumer reporting agency shall provide trained personnel to explain to the consumer any information furnished him pursuant to Section 1786.10.

**(e)** The investigative consumer reporting agency shall provide a written explanation of any coded information contained in files maintained on a consumer. This written explanation shall be distributed whenever a file is provided to a consumer for visual inspection as required under Section 1786.22.

**(f)** The consumer shall be permitted to be accompanied by one other person of his choosing, who shall furnish reasonable identification. An investigative consumer reporting agency may require the consumer to furnish a written statement granting permission to the consumer reporting agency to discuss the consumer's file in such person's presence.